UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-98 |
| | ) | Judge Edgar |
| GARY M. REYNOLDS | ) | |

## **MEMORANDUM AND ORDER**

Defendant Gary M. Reynolds ("Reynolds") has been indicted on one count of violating 18 U.S.C. § 922(g)(1). The indictment charges that Reynolds, after having previously been convicted of a felony, did knowingly possess in and affecting commerce a firearm, namely a 9mm handgun, and ammunition.

There is before the Court a motion by Reynolds to suppress evidence (firearm and ammunition) seized by the police during a search of his motor vehicle on or about June 29 or 30, 2007, as a result of a traffic stop. [Doc. No. 12]. Pursuant to 28 U.S.C. § 636(b)(1), the motion was referred to Magistrate Judge Susan K. Lee for a report and recommendation. Magistrate Judge Lee held an evidentiary hearing, and has submitted her report and recommendation. [Doc. No. 22]. It is recommended that the motion to suppress be denied.

Defendant Reynolds has filed objections to the report and recommendation. [Doc. No. 23]. Reynolds argues that the government has not met its burden of proving by a preponderance of the evidence that there was probable cause for the traffic stop. Reynolds contends that even if the testimony of Officer Hubbard is credible on the issue of whether Officer Hubbard observed

1

Reynolds commit a traffic violation by failing to stop his motor vehicle at a posted stop sign ("running" a stop sign), the testimony is counterbalanced by other opposing proof– a police videotape of the traffic stop and photographs of the place where the traffic stop occurred -- that undercut the officer's testimony.

Reynolds asserts that the videotape and the photographs are equally credible and call into question what Officer Hubbard was actually able see from a distance. The gist of Reynolds's position is that, if the videotape and photographs are equally credible evidence and if they do not support Officer Hubbard's testimony, then the government has failed to meet its burden of proof by a preponderance of the evidence. Defendant relies on *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n. 9 (1997) (citing *Director, Office of Workers' Comp. Programs v. Greenwich Collieries*, 512 U.S. 267, 281 (1994) ("[W]hen the evidence is evenly balanced, the [party with the burden of persuasion] must lose.").

This argument fails because the evidence in this case is not evenly balanced. The Court agrees with the report and recommendation, and concludes that the government has proved by a preponderance of the evidence that the traffic stop was valid based on Officer Hubbard's testimony that he observed Reynolds fail to stop at a stop sign. The preponderance of the evidence establishes that Officer Hubbard had probable cause to believe that Reynolds had committed a traffic violation when Officer Hubbard stopped Reynolds' motor vehicle. The Court agrees with the report and recommendation that the videotape is not conclusive evidence and it does not refute or undercut Officer Hubbard's testimony. The videotape is of poor quality and does not clearly show whether Reynolds did or did not stop his motor vehicle at the stop sign. The credible testimony of Officer Hubbard has more probative value and outweighs the inconclusive videotape and photographs.

After reviewing the record *de novo*, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The Court agrees with and adopts the Magistrate Judge's findings of fact and conclusions of law. The defendant's objections [Doc. No. 23] are without merit and are **DENIED**. Accordingly, the defendant's motion to suppress evidence [Doc. No. 12] is **DENIED**.

SO ORDERED.

ENTER this the 4th day of February, 2008.

                          */s/ R. Allan Edgar*
                        R. ALLAN EDGAR
              UNITED STATES DISTRICT JUDGE